197 Ill. App.3d 802 (1990)
555 N.E.2d 111
In re M.C., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
Karen Barrett, Respondent-Appellant).
No. 4-89-0605.
Illinois Appellate Court  Fourth District.
Opinion filed May 24, 1990.
*803 Bruce G. Ratcliffe, of Urbana, for appellant.
Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Timothy J. Londrigan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.
Michael Q. Jones, of Urbana, guardian ad litem.
Order affirmed.
JUSTICE McCULLOUGH delivered the opinion of the court:
Respondent Karen Barrett appeals from an order terminating her parental rights to her son, M.C. Respondent argues the evidence did not support the findings that she failed to make reasonable efforts or reasonable progress toward the return of M.C. to her custody. We affirm.
Only those facts necessary for our resolution of the issue before us will be recited.
In a prior proceeding, M.C. was adjudicated an abused child and made a ward of the court, per article II of the Juvenile Court Act of 1987 (Act) (Ill. Rev. Stat. 1987, ch. 37, pars. 802-1 through 802-30).
On August 22, 1988, a supplemental petition was filed to terminate respondent's parental rights to her five children, including M.C. On October 27, 1988, respondent was found unfit pursuant to section 1(D)(m) of the Adoption Act (Ill. Rev. Stat. 1987, ch. 40, par. 1501(D)(m)). A dispositional hearing on the petition to terminate was set for December 2, 1988. At the December 2 hearing, the trial judge stated he was not going to grant the State's request to terminate respondent's parental rights at that time because (1) he believed respondent showed some hope of correcting the problems which led to the removal of her children in 1987 when M.C. was approximately four months old; and (2) as to M.C., termination of respondent's parental rights would result in M.C. having an abusive father, Jethro *804 Cole, as his sole parent. The cause was continued for further review to March 28, 1989. Respondent was advised of her right to appeal the December 1988 finding of unfitness. Respondent did not appeal that finding at that time.
On March 28, 1989, the cause was called for a dispositional hearing. The trial judge stated it was not in M.C.'s best interest that respondent be allowed more time to show progress. However, the trial judge again noted that M.C.'s father had not yet been found unfit and expressed concern that M.C. might return to Cole's home in the future if respondent's parental rights were terminated. For this reason, the trial judge "continued" the cause as to M.C. for further dispositional hearing. As to another son, C.K., respondent's parental rights were terminated. This court affirmed that order. (In re C.C. (4th Dist. 1990), No. 4-89-0344 (unpublished order under Supreme Court Rule 23).) As to yet two other children, the court denied the State's request to terminate respondent's parental rights. Respondent was advised she could appeal the findings of unfitness as to the two other children. The trial judge stated he did not believe a final order as to M.C. had been entered, but referred the parties to Supreme Court Rule 662(a) (107 Ill.2d R. 662(a)). The trial court set June 29, 1989, for a review hearing.
On June 29, the cause was called for a dispositional hearing as to M.C. and a review hearing as to the two other children. The court considered the June 27, 1989, report prepared by the Illinois Department of Children and Family Services (Department), which recommended respondent's parental rights to M.C. be terminated. The State and the guardian ad litem also recommended termination, given that it was reported that M.C. was deeply bonded to his foster family. Respondent's attorney argued she had made some progress since the finding of unfitness was entered and asked that respondent be allowed additional visitation. The court noted that Jethro Cole had not yet been found unfit and, therefore, continued M.C.'s case to July 24, 1989, for a final decision on the State's request in the supplemental petition to terminate respondent's parental rights.
On July 24, 1989, in a separate proceeding, Jethro Cole's parental rights to M.C. were terminated. At a later hearing on July 24 concerning M.C., the court noted the progress respondent had made and continued to make with regard to her children. However, the court found it was in the best interests of M.C., because he was so attached to his foster family, that respondent's parental rights to M.C. be terminated.
Respondent argues the finding that she is an unfit parent pursuant *805 to section 1(D)(m) of the Adoption Act (Ill. Rev. Stat. 1987, ch. 40, par. 1501(D)(m)) is against the manifest weight of the evidence. Respondent points to the fact that she complied with the tasks set forth in the client-service plans prepared by the Department and made measurable progress toward reunification with M.C.
 1, 2 Section 2-29(3) of the Act sets forth the findings necessary before parental rights are terminated as to an abused child. (Ill. Rev. Stat. 1987, ch. 37, par. 802-29(3).) In sum, a court must find a parent is an unfit person under the Adoption Act and that it is in the best interests of the minor that a guardian be appointed and authorized to consent to adoption of the minor. A court order so empowering the guardian terminates parental rights as to the minor. (Ill. Rev. Stat. 1987, ch. 37, pars. 802-29(2), (3).) A decision to terminate parental rights rests within the sound discretion of the trial court. (In re Allen (1988), 172 Ill. App.3d 950, 527 N.E.2d 647.) Great deference is afforded such decisions, and a reviewing court will not interfere absent a showing of abuse of discretion. In re Brown (1981), 86 Ill.2d 147, 427 N.E.2d 84.
 3, 4 After reviewing the record in this case and in light of issues raised by the respondent, some discussion regarding the proceedings for termination of parental rights is in order. Here, the child, M.C., had previously been found to be an abused child and declared a ward of the court. The Act contemplates the filing of a supplemental petition for termination of parental rights, but does not set forth, with any of the particularity afforded wardship proceedings under the Act, the various hearings to be held on the petition. In the case before us, the finding of respondent's unfitness was determined at an adjudicatory hearing, while the consideration of whether to grant the relief sought (termination of parental rights) was set for various dispositional hearings. It is manifest the provisions of the Act regarding adjudicatory and dispositional hearings concern wardship proceedings (Ill. Rev. Stat. 1987, ch. 37, pars. 801-3(1), (6), 802-14, 802-22) and not proceedings involving termination of parental rights. A dispositional hearing as to a ward of the court is not required after a parent is found unfit per a petition to terminate. (Ill. Rev. Stat. 1987, ch. 37, pars. 802-29(2), (3).) Because a trial court may only consider the best interests of a child after a parent is found unfit (In re Johnson (1977), 54 Ill. App.3d 627, 370 N.E.2d 560; In re Adoption of Burton (1976), 43 Ill. App.3d 294, 356 N.E.2d 1279), and here the trial court did not terminate respondent's parental rights, the proceedings in this case were not improper. With these considerations in mind, we next address the issue raised by respondent.
*806 Respondent raises an issue regarding the finding of her parental unfitness. We need not determine whether respondent could have appealed the unfitness finding in 1988 by means of permissive appeal under Rule 306. The unfitness finding is properly before this court in the present appeal from the order terminating respondent's parental rights.
 5 On the merits, once a finding of unfitness is made, all considerations must yield to the best interests of the child. (In re T.G. (1986), 147 Ill. App.3d 484, 488, 498 N.E.2d 370, 373.) Thus, the subsequent proceedings and evidence considered at various review hearings concerned only the best interest of M.C. Any evidence supporting the unfitness finding must be found in the reports received and proceedings conducted through October 27, 1988.
 6 The record shows respondent was found unfit for failure to make reasonable efforts to correct the conditions which led to removal of M.C. and reasonable progress within 12 months of the adjudicatory hearing. (Ill. Rev. Stat. 1987, ch. 40, par. 1501(D)(m).) The evidence of respondent's unfitness was before this court in respondent's earlier appeal as to C.K. It need not be recited in full. We do note, however, as we did in C.C., that there is a history of domestic violence between respondent and Jethro Cole. Respondent was repeatedly told continued contact with Cole would jeopardize her chances of reunification with her children. Yet the evidence established respondent's unwillingness to cooperate with the Department and to cut her ties with Cole. In support of her contention that unfitness had not been proved by clear and convincing evidence in this case, respondent contends the reports from the Department established she had completed a parenting class; maintained regular visits with M.C.; obtained a residence separate from Cole; attended counselling; and obtained full-time employment. While it may be that respondent made some progress in some areas, when viewing all of the evidence from the entire period, we conclude the trial court's findings are supported by the evidence.
For the foregoing reasons, the orders of the trial court finding respondent an unfit parent and terminating her parental rights to M.C. are affirmed.
Affirmed.
KNECHT, P.J., and GREEN, J., concur.